

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-64,858-02

### EX PARTE MARIO DE LOS SANTOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-10-0567-SB-W-1 IN THE 391ST DISTRICT COURT
### FROM TOM GREEN COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirty years' imprisonment.

Applicant contends that his retained trial counsel rendered ineffective assistance because counsel never took the requisite steps to preserve Applicant's right to appeal. Retained counsel (two attorneys) indicate that they told Applicant of his appellate rights when the appellate certification was completed and signed after trial. They also told him he would have to use a different lawyer because they did not handle appeals. Counsel mailed Applicant's file to Applicant's mother, per his request. A notice of appeal, either *pro se* or through retained counsel, was never filed.

This Court has outlined the steps trial counsel must take to preserve a defendant's appellate rights. This Court wrote in *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003) (internal citations omitted) as follows:

> Trial counsel's responsibilities consist of a two-step process. First, the attorney must ascertain whether the defendant wishes to appeal. The decision to appeal lies solely with the defendant.... If the defendant does not wish to appeal, trial counsel's representation ends. If the defendant decides to appeal, the attorney must ensure that written notice of appeal is filed with the trial court. At this point, trial counsel has two options. He may sign the notice himself, in which case, he effectively "volunteers" to serve as appellate counsel. Alternatively, the defendant may file the notice pro se, which serves as "an indication that trial counsel 'does not wish to pursue his client's appeal.'" A "contemporaneous" presentation of the pro se notice with a motion to withdraw by trial counsel serves as actual notice to the trial court of the defendant's desire to appeal.

The trial court finds that "Applicant was advised of his right to appeal and the requirement to file a Notice of Appeal" and that he "did not retain either [trial counsel] to appeal his case." The trial court then states, "However, it is not clear whether Applicant requested his trial attorneys to prepare a Pro Se Notice of Appeal and assist in filing that .... [I]t appears[, rather,] that the trial attorneys expected Applicant to hire an appellate attorney and expected that attorney to file a Notice of Appeal." The trial court "suggests that [this Court] permit Applicant to file an out-of-time appeal."

The trial court is correct. Trial counsel failed to take the requisite steps to preserve Applicant's right to appeal by filing a motion to withdraw and a *pro se* notice of appeal. In the affidavits, counsel never specifically state whether they ascertained whether Applicant wished to appeal. If counsel did not, then they failed to comply with *Jones* from the start. Rather, counsel told Applicant, "[I]f he had any desire to continue with an appeal that he would have to timely hire legal counsel pursuant to the admonishments within the Trial Court's Certification of Right of Appeal." But the certification does not state anything about filing a *pro se* notice of appeal to invoke the jurisdiction of the courts of appeal.

Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. D-10-0567-SB from the 391st District Court of Tom Green County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 16, 2015
Do not publish